**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TRAVIS REMAUL DEAN, | ) | |
| | ) | |
| Petitioner, | ) | 3:13-cv-00112-RCJ-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| ROBERT LEGRAND, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Travis Remaul Dean has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF # 1-1) as well as several motions. He has paid the filing fee (ECF #9).

It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner's judgment of conviction was entered on August 21, 1990. Petitioner did not file a direct appeal. He filed a state habeas petition on March 24, 1994 and states that he did not appeal the denial of that petition to the Nevada Supreme Court (ECF #1-1 at 1). However, petitioner has filed a motion to amend that does not have a proposed amended petition attached, but that states that he filed a state habeas petition on March 16, 1994 (ECF #6 at 2). He further states that the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on July 16, 1995 (*id*.). The instant federal habeas petition was handed to a correctional officer for mailing on March 5, 2013. Thus, while it is entirely unclear what if any post-conviction filings petitioner presented to the state district court and the Nevada Supreme Court, it appears impossible that the federal petition was filed within the one-year time limitation contained in the statute.[1]

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates,

---

[1] Petitioner's judgment of conviction, entered on August 21, 1990, pre-dated the effective date of the relevant amendments to AEDPA, April 24, 1996. Yet a case is not "pending" until an actual habeas petition is filed in federal court. *Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Accordingly, petitioner's federal petition is subject to these amendments because the petition was not filed until after AEDPA's effective date.

of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

Dated: This 16th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE