# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRAVIS REMAUL DEAN,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00112-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1), as well as on multiple motions (including ## 1-2, 1-3, 3, 6, 10, 11, 12, 16 & 18) referred to further *infra*. This order follows upon an earlier show-cause order (#14) and petitioner's response (#15) thereto.

### *Background*

The papers presented along with the online docket records of the state courts reflect the following.

Petitioner Travis Remaul Dean, in principal part in his papers, challenges his Nevada state conviction, pursuant to a guilty plea, of first-degree murder in No. C91671 in the state district court. He was sentenced to life with the possibility of parole.

The judgment of conviction was filed on August 22, 1990. Petitioner did not file a direct appeal, but he pursued a state post-conviction petition. The remittitur concluding the state post-conviction appeal was issued on or about July 16, 1996, approximately three months

after the April 24, 1996, statutory effective date on which the federal limitation period otherwise would begin running.[1]

Thereafter, petitioner did not file any state proceedings seeking post-conviction or other collateral review of the 1990 conviction or sentence for approximately sixteen years.

However, petitioner did file papers in the state and federal courts demonstrating an ability to seek judicial relief *pro se*.

In September and December 2002, he filed papers in the state district court seeking to seal his criminal records. He pursued this request for relief through to an adverse decision by the Supreme Court of Nevada in June 2003 in No. 40345.

Meanwhile, in March 2003, petitioner filed a civil rights action in Nevada state court that was removed to this Court under No. 2:03-cv-00630 and later dismissed in February 2004.

In August 2008, petitioner filed a state post-conviction challenging a different state conviction, in No. C238502 in the state district court. Petitioner pursued the petition *pro se* through a first appeal resulting in a partial remand as well as a second appeal culminating in a May 2010 order in No. 54330 affirming the denial of relief.

In June 2012, petitioner filed a petition in the state district court styled as a petition for commutation of sentence. The state district court denied the petition in July 2012, and it does not appear that petitioner filed an appeal from the denial.

Thereafter, petitioner filed an original writ for extraordinary relief in the state supreme court which that court denied on December 13, 2012, in No. 62041.

On or about March 5, 2013, petitioner mailed the present federal petition for filing.[2]

The Court notes the following as additional backdrop to the discussion herein. Petitioner was sentenced in No. C238502 to a number of term sentence running concurrently, with the longest concurrent term being a term of 72 to 180 months. The sentence in No.

---

[1] Petitioner states in error that the remittitur issued on one year earlier July 16, 1995. #6, at 2. The state district court online docket sheet instead reflects that the remittitur issued in July 1996 and was received and filed in the district court on July 19, 1996. The distinction does not materially affect the analysis herein.

[2] Petitioner also filed a civil rights action in this Court in December 2012, in No. 3:12-cv-00658.

C238502 was imposed consecutively to petitioner's sentence on the murder charge in No. C91671. Petitioner has presented copies of papers herein that would appear to indicate that on or about February 3, 2011, he was paroled from his life sentence on the murder conviction to his next consecutive sentence, which would appear to be the sentence in No. C238502, with a minimum 72 month sentence prior to consideration for possible parole.[3]

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

### *Calculation and Application of the Federal One-Year Limitation Period*

Petitioner's conviction became final upon the expiration of the time for filing a direct appeal on September 21, 1990. That date is prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). A federal habeas petition challenging a judgment of conviction that became final before the passage of the Act must be filed, absent tolling or delayed accrual, within one year after the April 24, 1996, effective date of the Act. *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

However, under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief. Petitioner's state post-conviction appeal was pending at that time and through the issuance of the remittitur on July 16, 1996. The federal limitation period thus was statutorily tolled from April 24, 1996, through July 16, 1996, without any time in the one-year period having run prior to that date.

Absent other tolling or delayed accrual, the federal limitation period accordingly expired one year later on July 16, 1997.

////

---

[3] See #6, at electronic docketing pages 33-36 and 44. The Court makes no finding of fact as to the status of petitioner's sentence on any judgment of conviction. The Court merely notes what the copies of papers presented by petitioner appear to indicate.

The federal petition in this matter was not mailed for filing until on or about March 5, 2013, nearly 16 years after the federal limitation period had expired, absent other tolling or delayed accrual. The petition therefore is untimely on its face, to the extent that the claims therein in principal part challenge the August 22, 1990, conviction and sentence.

***Tolling and Related Issues***

Petitioner relies upon statutory tolling under § 2244(d)(2). However, the Court has factored in the pendency of the state post-conviction proceedings that concluded on July 16, 1996. The federal limitation period began running on that date and expired one year later on July 16, 1997. There were no other state post-conviction proceedings pending that stopped the running of the federal limitation period during that one year, or for years thereafter.

Even if the Court were to assume *arguendo* that petitioner's 2012 state court commutation petition constituted an action for other collateral review under § 2244(d)(2) – which is a highly dubious proposition – the federal limitation period nonetheless expired nearly 15 years before that petition was filed. Statutory tolling under § 2244(d)(2) therefore does not render the federal petition timely.

Petitioner further relies upon N.R.S. 176.033 and N.R.S. 213.100 as a basis for rendering the present federal habeas petition – apparently as a petition for commutation of sentence – timely. Petitioner appears to be of the view that he can present constitutional challenges to the validity of a prior conviction – including claims of alleged trial court error and ineffective assistance of counsel arising in 1990 – in such a petition for commutation within an extended time period set forth in N.R.S. 176.033.[4]

---

[4]This statute provides in pertinent part:

> At any time after a prisoner has been released on parole and has served one-half of the period of parole, or 10 consecutive years *on parole* in the case of a prisoner sentenced to life imprisonment, *the State Board of Parole Commissioners*, upon the recommendation of the division, may petition the court of original jurisdiction requesting a modification of sentence. The Board shall give notice of the petition and hearing thereon to the Attorney General or district attorney who had jurisdiction in the original proceedings. *Upon hearing the recommendation of the State Board of Parole*
>
> (continued...)

This argument is fundamentally flawed, for a number of reasons.

First, N.R.S. 176.033(2) does not give a convicted defendant the ability to petition for a reduction of sentence within the extended time frame specified in the statute. It instead provides that "the State Board of Parole Commissioners," may petition the sentencing court requesting a modification. Nothing in the statute remotely purports to give the convicted defendant an ability to file a petition for judicial relief after "10 consecutive years on parole," a period of time that does not appear to apply as yet to petitioner's circumstances.

Second, N.R.S. 176.033(2) authorizes the state parole board to "petition the court of original jurisdiction," *i.e.*, the state district court that sentenced the convicted defendant. The provision has no application to a petition for a writ of habeas corpus filed in a federal district court. Nor does a federal court have such discretionary authority to modify a state sentence.

Third, neither N.R.S. 176.033 nor N.R.S. 213.100 contain any provisions authorizing a convicted defendant to raise constitutional challenges to the original conviction and sentence years after the expiration of the time periods for seeking post-conviction relief. Petitioner is invoking a provision that authorize *the state parole board* to petition *in the state sentencing court* for a modification of sentence. There is no language in either statute remotely suggesting that the statutes authorize the convicted defendant to raise constitutional challenges to his conviction and sentence years or decades after the expiration of the time period for seeking post-conviction relief.

Fourth, and most importantly, the limitation period for *this* action – a federal civil action seeking a federal writ of habeas corpus – is established by 28 U.S.C. § 2244(d), not by any state legislative enactment. The federal limitation period for this action, absent other tolling or delayed accrual, expired on July 16, 1997. As discussed previously, any *arguendo*

---

[4](...continued)
    *Commissioners* and good cause appearing, the court may modify the original sentence by reducing the maximum term of imprisonment but shall not make the term less than the minimum term prescribed by the applicable penal statute.

N.R.S. 176.033(2) (emphasis added).

statutory tolling based upon petitioner's 2012 state petition for commutation could not render this action timely.

Petitioner's argument based upon N.R.S. 176.033 and N.R.S. 213.100 therefore provides no basis for concluding that the federal petition is timely.

Petitioner otherwise presents no viable basis for overcoming the untimeliness of the federal petition.

Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Under established law, petitioner's *pro se* status does not provide a basis for equitable tolling of the federal limitation period. *E.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Moreover, petitioner litigated a number of judicial proceedings *pro se* during the years between July 16, 1996, and March 5, 2013, including a state post-conviction petition challenging a different conviction. See text, *supra*, at 2.

The record belies any claim that petitioner was unable to timely seek judicial relief challenging the conviction in this case. He simply did not.

Petitioner accordingly has failed to demonstrate in response to the show-cause order that the petition should not be dismissed with prejudice as time-barred to the extent that the petition, in principal part, seeks to overturn the 1990 conviction for first-degree murder.

***Potential Additional Claims***

The petition form directs a petitioner to identify the state court conviction being challenged -- by date, court, case number and offense. Dean clearly reflected in response to the pertinent inquiries in this case that he was challenging his August 1990 conviction in the state district court for Clark County, Nevada for first-degree murder in No. C91671.[5]

The lengthy allegations in the petition nonetheless include references potentially to claims other than claims directly challenging the validity of the August 1990 judgment of conviction and sentence. Whether petitioner in fact is seeking to pursue additional claims in this regard is not entirely clear, as his papers contain extensive argument on irrelevant issues.[6] In all events, however, any such additional *arguendo* claims do not present a viable basis for federal habeas relief in this action.

*First*, to the extent, if any,[7] that petitioner also seeks to challenge in this action his January 11, 2008, conviction in No. C238502 in the state district court, any such challenge also would be time-barred. After the state supreme court affirmed the denial of state post-conviction relief, the remittitur issued on June 1, 2010. Petitioner did not constructively file the present federal petition until March 2013, nearly three years later. There were no intervening state proceedings that would have statutorily tolled the federal limitation period. Petitioner further has not presented any extraordinary circumstances, in his response to the show-cause order, that would provide a basis for equitable tolling during the relevant period as to a federal petition, whether challenging only the conviction in No. C91671 or instead also in No. C238502. He clearly demonstrated his ability to seek judicial relief. Any *arguendo* challenge also to the conviction in No. C238502 thus also would be time-barred.

---

[5] #1-1, at 1-2.

[6] For example, petitioner has argued extensively herein about the alleged impropriety of sentencing him to a special sentence of lifetime supervision. E.g., #6, at 3-6, 9-14, 16-18, 23 & 30. However, petitioner quite clearly was sentenced to life with the possibility of parole. E.g., *id.*, at electronic docketing pages 33-34. A sentence of life with the possibility of parole does not constitute a special sentence of lifetime supervision, under the distinct procedures applicable to the latter.

[7] See #1-1, at 5-D (electronic docketing page 12).

*Second*, to the extent that petitioner *arguendo* seeks to present claims challenging discretionary denials of parole, pardon, and/or commutation that further *arguendo* are both timely and exhausted, such claims do not present a viable claim for relief.[8]

It is well-established law that a state parole statute does not create a protected liberty interest for purposes of federal constitutional due process protections unless the state statute mandates that parole "shall" be granted following the fulfillment of specified requirements. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979); *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir.1985). The Nevada legislature expressly has stated that release on parole is an "act of grace of the State" and that "it is not intended that the establishment of standards relating thereto create any such right or interest in liberty." N.R.S. 213.10705; *see also Severance v. Armstrong*, 96 Nev. 836, 838-39 620 P.2d 369, 370 (Nev.1980)(Nevada parole statutes provide "no legitimate expectation of parole release"). Under established Ninth Circuit law, the Nevada state parole statute does not mandate a grant of parole upon fulfillment of specified requirements and thus does not give rise to a protected liberty interest. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *accord Garcia v. Nevada Board of Prison Commissioners*, 2008 WL 818981, at \*7 (D. Nev., Mar. 24, 2008); *Cooper v. Sumner*, 672 F.Supp. 1361, 1366-67 (D.Nev. 1987); *Kelso v. Armstrong*, 616 F.Supp. 367, 369 (D.Nev. 1985); *Austin v. Armstrong*, 473 F.Supp. 1114, 1116-17 (D.Nev. 1979).

Similarly, under long-established law, "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). In a noncapital case such as this, a prisoner does not have a protected liberty interest in pardon or commutation of his sentence where the governing state statutes confer unfettered discretion on the pardons board without mandating what procedure must be followed, what evidence must be considered, or what criteria are to be applied. 452 U.S. at 463-66. Under

---

[8] See #1-1, at 5 to 5-D (electronic docketing pages 8-12).

Nevada law, a pardon or commutation of sentence represents the exercise of the sovereign's prerogative of mercy. *E.g., Pinana v. State*, 76 Nev. 274, 352 P.2d 824, 829 (1980). A Nevada prisoner has no protected expectation of release before he completes his sentence. *Niegarth v. State*, 768 P.2d 882, 883 (Nev.1989)(no due process right to clemency); *Severance, supra*. A discretionary decision by the Nevada state pardons board not to further consider an application for pardon or commutation at that time thus is not subject to judicial review.

Petitioner's argument to the contrary that he instead has a constitutionally protected liberty interest in parole, pardon, and/or commutation in Nevada is without merit.[9]

*Third*, in Ground 3, petitioner refers to state law requiring the corrections department to record statutory sentence credits that would accrue in the event that the inmate's life sentence were modified or commuted to a term sentence (which has not occurred here). *See, e.g., Hunt v. Warden, Nevada State Prison*, 111 Nev. 1284, 903 P.2d 826 (1995). Petitioner appears to seek an order directing the department to provide him an accounting of the amount of such contingent sentence credits that would be accrued to this point *if* his life sentence were commuted to a term sentence (which, again, has not occurred here).[10] The Court expresses no opinion as to whether such relief might be available in another state or federal proceeding. However, a claim for such relief is not cognizable in a federal habeas proceeding because the wholly contingent claim has no likely effect on the duration of

---

[9]Petitioner's *arguendo* claims in this regard are directed to April 26, 2011, and September 6, 2012, actions by the state pardons board. The underlying challenged actions are reflected by two letters on those dates from the board informing petitioner that the board had determined that his application would not be considered at that time. See #6, at electronic docketing pages 40 & 41. There is nothing in the entirely routine letters that would shock the conscience in terms of the procedure followed in declining action taken by a pardons board that is under no obligation under Nevada law to take up every application and conduct a full hearing before declining consideration. At bottom, petitioner is requesting the state and federal courts to simply consider *de novo* awarding him a commutation or pardon where the state pardons board has declined to consider doing so on the applications then presented. He frivolously bases this request on a Nevada state statute that allows the *parole board* to petition the *state sentencing court* to *modify* a sentence. See text, *supra*, at 4-6. Nothing in the state statute relied upon allows a state court, much less a federal court on habeas review, to supplant the state pardons board and award a pardon or commutation of a sentence.

[10]#1-1, at 7-7C (electronic docketing apges 14-17).

petitioner's incarceration at a time when his life sentence clearly has not been reduced to a term sentence. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003)(claim that would not accelerate the prisoner's release if successful was not cognizable in habeas). Indeed, any such contingent "shadow" sentence credit recorded by the state corrections department may never have any impact on the duration of petitioner's incarceration. Moreover, any such obligation to provide an accounting of wholly contingent sentence credits would arise under state law rather than federal law and thus would not be cognizable in a federal habeas proceeding for that reason as well. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(federal habeas relief not available to enforce state law requirements).

Accordingly, to the extent that petitioner *arguendo* presents claims in the petition over and above a challenge to his 1990 conviction and sentence for first-degree murder, those claims do not present viable claims for relief.

***Motions***

All pending motions will be denied.

With regard to the motions (## 1-2 and 16) for appointment of counsel, the Court does not find that the interests of justice require the appointment of counsel herein. Petitioner has demonstrated a sufficient ability to articulate his position *pro se* with the resources available to him, including in responding to the show-cause order. The mere fact that a prison uses a "paging system" for access to prison legal resources neither violates the Constitution nor automatically requires the appointment of federal habeas counsel. *See, e.g., Felix v. McDaniel*, 2012 WL 666742, No. 3:09-cv-00483-LRH-WGC, at *5-9 (D. Nev. Feb. 29, 2012). Judge Reed's decision in *Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007), does not hold to the contrary. *See* 508 F.Supp.2d at 861 ("The Court makes no broad, definitive holding of unconstitutionality herein . . . ."). Appointment of federal habeas counsel on what clearly is an untimely petition – by over a decade-and-a-half – would not be a prudent application of limited public defender resources.

The pauper application (#12) is moot following upon the payment of the filing fee and the denial of the counsel motions on grounds other than financial eligibility.

Following upon the dismissal of this action, there further is no occasion for entertaining motions (## 3, 10 and 18) seeking production of transcripts or the motion (#11) to raise petitioner's copy credit limit.

The application (#1-3) for a certificate of appealability (COA) appears to seek a COA to appeal an adverse order by the Supreme Court of Nevada in No. 62041. Petitioner may not directly appeal an order of the state supreme court to this Court. A COA for an appeal from this Court's decision further is denied, as discussed *infra*.

Finally, the motion (#6) to amend will be denied following upon the dismissal of the action. Nothing in the motion leads to a contrary conclusion on the issues addressed herein. The motion does not present an actual amended petition but instead constitutes a legal memorandum. To the extent that the legal argument touches on claims that are not raised in the original petition, amendment would be futile given that the claims are subject to the same conclusions reached herein as to the claims in the original petition.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and accompanying motions and that the petition shall be DISMISSED with prejudice to the extent that petitioner directly challenges his 1990 conviction and sentence in C91671 and without prejudice as to any additional claims asserted.

IT FURTHER IS ORDERED that all pending motions herein, including ## 1-2, 1-3, 3, 6, 10, 11, 12, 16 and 18, are DENIED.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the district court's dismissal of the petition, following issuance of a show-cause order and consideration of petitioner's response thereto, to be debatable or wrong. The federal limitation period on a challenge to petitioner's 1990 conviction, absent tolling or delayed accrual, expired on July 16, 1997, nearly 16 years prior to the constructive filing of the federal petition. Petitioner factual and legal arguments do not present a viable basis for overcoming the time bar. **See text,** *supra,* **at 1-6.** To the further extent that petitioner *arguendo* presents claims not directly challenging the 1990 conviction, he does not present viable claims for federal habeas relief. **See text,** *supra,* **at 7-10.**

1  IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall provide respondents with notice of the action taken herein by effecting informal electronic service of the order and judgment upon Catherine Cortez Masto as per the Clerk's current practice, together with regenerating notices of electronic filing to her office of the prior filings herein. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action.

DATED: This 13th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge